**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**CIVIL ACTION NO. 05-470-C**

**PETER W. ANGERMEIER,**                                                   **PLAINTIFF,**

**V.**                   **MEMORANDUM OPINION AND ORDER**

**DEPARTMENT OF HEALTH AND
HUMAN SERVICES,**                                                           **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Secretary denying the plaintiff's request for waiver of recovery of Medicare benefits. This matter is before the court on cross-motions for summary judgment (DE 15, 16). The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the Secretary's motion.

**I. Factual Background**

The plaintiff, Peter Angermeier, had hired a contractor to renovate part of his home. AR 11. The contractor left a large amount of debris in the plaintiff's basement, and, after waiting several months for the contractor to remove the material, the plaintiff and his brother attempted to clean it up themselves. *Id.* On or about August 13, 2000, the plaintiff slipped on some fungal growth in the debris and suffered hip and rib fractures. *Id.* The plaintiff received Medicare reimbursements for his initial medical treatment and later settled two civil suits against the contractor. *Id.* The plaintiff settled his personal injury claims against

the contractor for $100,000 and his property damage claims for $30,000.

Medicare made conditional payments to the plaintiff for medical services necessitated by his injury, then later sought repayment of a reduced amount of $14,406.94 based on its subrogation rights in the plaintiff's settlement.  The plaintiff requested a waiver of this recovery, and his initial request was denied.  Following a hearing held on February 2, 2005, Administrative Law Judge ("ALJ") Lawrence E. Shearer found that, although the plaintiff was without fault in accepting the Medicare overpayment, recovery would not defeat the purpose of Title II of the Social Security Act or be against equity and good conscience.  AR 13.  The plaintiff's request for waiver was therefore denied.  On June 20, 2005, the Medicare Appeals Council denied the plaintiff's request for review, and the plaintiff then commenced this lawsuit.

**II. Standard of Review**

Judicial review of the ALJ's decision is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.  42 U.S.C. § 405(g); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).  "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility.  *See id.*  Rather, the ALJ's decision must be affirmed

if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

### III. Legal Analysis

The Secretary is required by law to seek recovery of overpayments made to a beneficiary of Medicare payments. 42 U.S.C. §§ 1395gg, 404(a). The Secretary must waive its right to repayment, however, if the person from whom recovery is sought is without fault, and if recovery would defeat the purpose of Title II or XVIII or would be against equity and good conscience. *Id.* at §§ 1395gg(c), 404(b). The parties agree that Angermeier was without fault in accepting the Medicare overpayment, but they dispute whether recovery would defeat the purpose of the Social Security Act or would be against equity and good conscience. The court will consider each of these issues in turn.[1]

*A. Whether Recovery Would Defeat the Purposes of the Act*

"Adjustment or recovery will defeat the purposes of [the Act] in . . . situations where the person from whom recovery is sought needs substantially all of his current income . . . to meet current ordinary and necessary living expenses."

---

[1] The plaintiff also argues that the ALJ utilized an improper "extreme hardship" standard in deciding whether he should receive a waiver of repayment. While the ALJ did use the term "extreme hardship" in his findings, he did not evaluate the plaintiff's claim under that legal standard. The ALJ properly applied the correct standards and merely mentioned "extreme hardship" as a basis for his finding that recovery of the asserted overpayment would not "defeat the purpose of Title II" or be "against equity and good conscience." Thus, the plaintiff's argument that the ALJ incorrectly applied the law is rejected.

3

20 C.F.R. § 404.508(b). The plaintiff claims that recovery of the Medicare overpayment would be against the purposes of the Social Security Act because it would leave him without the ability to meet his ordinary and necessary expenses. To support this claim, the plaintiff provided the ALJ with self-prepared summaries documenting his earnings and expenses. AR 43-64.

In affirming the Medicare reviewer's decision to deny the plaintiff's request for waiver, the ALJ noted that the reviewer found that the plaintiff received $46,187.88 from the settlement of his personal injury claims, after attorney's fees, litigation expenses, and the Medicare recovery amount were deducted. AR 119. The plaintiff also states that he received $24,968.98, after deducting attorney's fees, in settlement of his property damage claim. Plaintiff's Brief, at 7. Instead of properly apportioning these amounts, the plaintiff spent $63,981.74 to repair the defective construction to his home, a sum that included $10,457.81 for landscaping and re-painting. AR 43-44. The plaintiff alleges that his property damage settlement was inadequate to fully compensate the damage to his home, and he thus expended the bulk of his recovery to remedy those problems. While this claim, if true, is unfortunate, it does not entitle the plaintiff to forgo his medical costs in favor of improvements to his property and then claim that he lacks the funds to afford his "ordinary and necessary living expenses." The ALJ examined the available evidence and concluded that recovery would not impose an extreme hardship on the plaintiff. Under the circumstances of this case, the ALJ's finding

that recovery would not defeat the purposes of Title II was supported by substantial evidence.

The plaintiff also argues that the Medicare reviewer erred in considering the value of his house in determining that he had the ability to afford the recovery payment. The Secretary concedes that the Medicare reviewer indicated that the plaintiff was a homeowner in making his determination but also states that the reviewer did not consider the value of the plaintiff's home in deciding his eligibility for a waiver of repayment. The court need not resolve this dispute because the Sixth Circuit has held that the value of a Medicare recipient's real property may be considered when evaluating his ability to make a repayment. *See Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 392 (6th Cir. 2005) ("[T]he law does not require the ALJ to ignore the value of a claimant's house or other non-liquid assets in evaluating whether a claimant can afford repayment . . . ."). Under the circumstances of this case, it would have been especially appropriate for the Medicare reviewer and the ALJ to consider the value of the plaintiff's home because he invested nearly all of his settlement proceeds into repairing it. Thus, even if the Medicare reviewer and the ALJ did take the value of the plaintiff's home into account in determining whether he could make repayment, their decision to do so was permissible.

*B. Whether Recovery Would Be Against Equity and Good Conscience*

Recovery is against "equity and good conscience" if an individual changed

5

his or her position for the worse or relinquished a valuable right because of reliance upon a notice that payment would be made or because of the overpayment itself. *See* 20 C.F.R. § 404.509(a); *Valley*, 427 F.3d at 392-93.  The plaintiff does not emphasize the applicability of either of these categories but instead argues that this court should expand the concept of "equity and good conscience" beyond them and apply it more broadly.  This approach has not been adopted by the Sixth Circuit, but it has been espoused in other jurisdictions.  *See Quinlivan v. Sullivan*, 916 F.2d 524, 527 (9th Cir. 1990) ("[T]he meaning of the phrase, 'against equity and good conscience,' cannot be limited to the three narrow definitions set forth in the Secretary's regulation.  Congress intended a broad concept of fairness to apply to waiver requests, one that reflects the ordinary meaning of the statutory language and takes into account the facts and circumstances of each case."); *Groseclose v. Bowen*, 809 F.2d 502, 506 (8th Cir. 1987) ("[W]e believe that the Secretary's definition of 'against equity and good conscience' is unreasonably narrow.").

Even if *Quinlivan* and *Groseclose* were mandatory authority in this Circuit, the facts of this case do not present any compelling circumstances that would justify relieving the plaintiff of his repayment obligation.  In *Groseclose*, the beneficiary from whom recovery was sought was not the recipient of the overpayment and had no knowledge of it.[2]  In *Quinlivan*, the plaintiff was a disabled

---

[2] 20 C.F.R. § 404.509 was amended soon after *Groseclose* to state that waiver is also appropriate if an individual "[w]as living in a separate household from the overpaid person at the time of the overpayment and did not receive the overpayment," § 404.509(a)(2), essentially codifying the holding in that case.

schizophrenic who had received overpayments while incarcerated. *Quinlivan*, 916 F.2d at 525-26.  When he was released from prison, he had no ability to earn a steady income and was dependent on his accumulated payments, including the alleged overpayment, to provide for his mere subsistence. *Id.*

In contrast, although Angermeier does not possess substantial wealth, he is a property owner and enjoys a reasonably comfortable standard of living.  As noted above, he also received a substantial amount of money in settlement of his claims against the contractor who worked on his home.  Requiring the plaintiff to repay the Medicare overpayment in this situation simply does not defy even a broad notion of "equity and good conscience."  Therefore, the ALJ's finding that denial of the plaintiff's requested waiver was not against equity and good conscience and is supported by substantial evidence.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (DE 15) is **DENIED** and the Secretary's motion for summary judgment (DE 16) is **GRANTED**.

Signed on  August 16, 2006

Jennifer B. Coffman, Judge
United States District Court

7